UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

Eastern District of Kentucky
FILED
OCT 2 - 2006
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-147-DLB

MONTEZ J.D. BUSH                                                                  PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

JAILER STEVEN KELLAM, ET AL.                                          DEFENDANTS

Currently before the Court for consideration is the "Motion for Reconsideration" [Record No. 8] which Montez J.D. Bush, the *pro se* plaintiff, has filed. The plaintiff is confined in the Grant County Detention Center ("GCDC") in Williamstown, Kentucky.

## PROCEDURAL HISTORY

On July 19, 2006, the plaintiff filed a *pro se* complaint under 42 U.S.C. §1983 [Record No. 1]. The plaintiff named as defendants Steven L. Kellam, Jailer of the GCDC; the GCDC; and the United States Marshals. The plaintiff alleged that the defendants violated: (1) his First Amendment rights by repeatedly serving him certain pork-based food products which violated his Rastafarian religious beliefs; (2) his Eighth Amendment right to be free of cruel and unusual punishment by exerting physical force on him, causing him to sustain injuries; and (3) his First and Eighth Amendment rights by placing him in a "detox" cell for thirteen hours after he filed a grievance concerning his religious and excessive force claims.

On August 14, 2006, the Court entered a Memorandum Opinion and Order ("the Opinion and Order") [Record No. 5] dismissing the complaint for two reasons. The first reason was that the plaintiff had failed to demonstrate that he had fully exhausted any of his three claims through

the required administrative process [*Id.*, pp. 4-6]. The second reason was that the plaintiff had failed to state a valid constitutional claim with regard to his complaint about having been placed in a "detox" cell for 13 hours [*Id.*, pp. 6-7].

On September 28, 2006, the plaintiff filed a handwritten submission [Record No. 8] which the Clerk of the Court has construed as a "Motion for Reconsideration" of the Opinion and Order. In his current motion, the plaintiff states that on August 17, 2006, he was "subjected to" unspecified food products which he states conflict with his Rastafarian religious beliefs. He does not allege if, in fact, he consumed these objectionable food products. He alleges only that the exposure to them violated his First Amendment religious beliefs.

## DISCUSSION

In order to obtain relief from a judgment or order under Fed. R. Civ. P. 60(b), a movant must demonstrate that an order (or judgment) was entered as a result of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered in time to move for a new trial under Rule 59(b); or (3) fraud, misrepresentation, or other misconduct of the adverse party.[1] *See also Johnson v. Unknown Dellatifa*, 357 F.3d 539, 541 (6th Cir. 2004) (as a prerequisite to relief in a motion for relief from judgment, a party must establish that the facts of its case are within one of the enumerated reasons contained in the federal rule of civil procedure governing motion for relief from judgment that warrant relief from judgment).

---

[1] There are several other grounds set forth in Rule 60(b) which serve as a basis for relieving a party from a final judgment, none of which are applicable in this case.

2

Here, the plaintiff alleges nothing in his current submission which persuades the Court that the Opinion and Order was in error in any respect. The complained-of exposure to certain food products on August 17, 2006, occurred three-days *after* the Court dismissed the claims contained in the original §1983 complaint. To the extent that the plaintiff wishes to assert this new claim, he will be required to file a new civil action. The Court will not entertain this new claim in the instant proceeding, which is restricted solely to consideration of the events of June and July, 2006, which are set forth in the original complaint.

Another consideration guides the Court. The plaintiff states that he was merely "subjected to" and/or "exposed" to certain food products which he deems objectionable. The Court is unable to conclude that the plaintiff sustained an "actual injury" as a result of mere "exposure" to the food. The plaintiff does not allege that GCDC forced him to consume the complained-of food products.[2] Unless a person has experienced an actual injury, as opposed to a speculative claim of injury, the person is without standing to assert a civil rights claim. *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 471 (1982); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992); *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487 (6th Cir. 1995).

Moreover, the plaintiff is again reminded that if he wishes to file a new civil action with regard to his newly asserted claim of August 17, 2006, he must be able to demonstrate that he administratively exhausted that new claim within the GCDC. The plaintiff broadly states that he has "filed numerous Grievance forms" [Record No. 8, p. 1], but he does not attach copies of

---

[2] As noted in the attachments to the plaintiff's original complaint, the plaintiff filed a grievance on July 6, 2006, concerning the same issue. The results of that grievance indicate that the issue was resolved.

3

those grievances efforts, refer to them with any specificity, or indicate that he expressly complained about the alleged incident of August 17, 2006. He should do so if he wishes to assert the new claim in a new civil action.

For these reasons, the plaintiff's current submission does not meet the stringent criteria required under Rule 60(b) and the Court will not set aside the Opinion and Order.

## CONCLUSION

Accordingly, it is **ORDERED** that the plaintiff's "Motion for Reconsideration" [Record No. 8] is **DENIED**.

This 2nd day of October, 2006.



Signed By:
David L. Bunning
United States District Judge